# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

HUGH L. RILEY, et al.,            )
                                  )
        Plaintiffs,      )
                                  )
        v.               )    No. 07-4089-CV-C-SOW
                                  )
LARRY CRAWFORD, et al.,           )
                                  )
        Defendants.      )

## REPORT, RECOMMENDATION AND ORDER

      Plaintiffs Hugh Riley, Curtis Stewart, Ronmell Jenkins, Tony Harris, Antonio Howard, James Smith, Michael Akins, Lawrence Schuster, Bruce Cummings, Jemal Davis, John Goodrich, James Scott, Jeremy Banks, Robert Cornelius, Mario Fue, Larry Jackson, David Skaggs, Rodney Clayton, Trevin Gamble, Zederic Crawford. Andre Bonds, Lewis McNeal, Markess Flenox, Christopher Sims, John Connor, Aaron Henderson, Charles Dorlay and Leon Daniels, all inmates confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]  This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.  Named defendants are numerous personnel of the Missouri Department of Corrections.

      Plaintiffs allege double-celling of administrative segregation inmates violates their constitutional rights guaranteed by the Eighth Amendment.  Plaintiffs allege the administrative segregation conditions of confinement are unconstitutionally overcrowded.

      Plaintiffs have requested leave to proceed without prepaying the filing fee and costs.  28 U.S.C. § 1915(a).  Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks

---

[1]Ronmell Jenkins, John Goodrich, James Scott, Jeremy Banks, and Lewis McNeal have filed motions to be removed from this case.

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Upon review, pursuant to the Act, plaintiffs' allegations in their complaint are sufficient to allow them to proceed at this stage of the proceedings.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915. The records available to the court indicate plaintiffs are capable of making initial payments [2] toward the filing fee as follows: Hugh Riley, $7.75; Curtis Stewart, $1.70; Tony Harris, $31.14, James Smith, $48.35; Michael Akins, $11.51; Lawrence Schuster, $1.98; Robert Cornelius, $5.70; Mario Fue, $1.50; Zederic Crawford, $32.93; Andre Bonds, $10.58; Christopher Sims, $3.30; John Connor, $6.50; and Leon Daniel, $10.83. Plaintiffs should contact prison officials to have their respective initial payments processed. In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full. If a plaintiff fails to make his initial payment, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

On April 10, 2007, the Clerk of Court sent to all plaintiffs forms for filing in forma pauperis, with a notation to complete and return such forms within twenty days. To date, plaintiffs Antonio Howard, Bruce Cummings, Jemal Davis, Larry Jackson, David Skaggs, Rodney Clayton, Trevin Gamble, Markess Flenox, Aaron Henderson and Charles Dorlay have failed to return their forms to the court. These plaintiffs are directed to show cause why their

---

[2] The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915. If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

2

claims should not be dismissed, pursuant to Fed. R. Civ. P. 41(b), for failure to comply with a court order. If plaintiffs do not comply with this order, their claims may be dismissed under the provisions of Fed. R. Civ. P. 41(b).

Plaintiffs are advised that all filings must be signed by all parties when submitted, or individual plaintiffs may file motions to join in filings made by a coplaintiff. Alternatively, each plaintiff may file his own motion. The court further notes that in order to adjudicate the merits of the claims of the twenty-eight pro se prisoner plaintiffs, plaintiffs must be diligent in the organization of their filings and are strongly discouraged from filing any documents that are not directly related to the claims on which they have been granted leave to proceed. Unnecessary and unrelated filings will only significantly slow the processing of the claims in this case.

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

Plaintiffs have filed a motion seeking preliminary injunctive relief. Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

3

Id. at 113.  Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights."  Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)).  Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined."  Dataphase, 640 F.2d at 113.  The burden of proof is on the party seeking injunctive relief.  United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).  Plaintiffs' request for injunctive relief should be denied.

Plaintiffs' claims seeking preliminary injunctive relief allege a threat of possible future harm resulting from the double-celling and overcrowded conditions in administrative segregation at JCCC.  Plaintiffs have been granted leave to proceed on these claims and this court finds that preliminary injunctive relief is not warranted.

Plaintiffs have also filed a motion for appointment of counsel.  There exists no statutory or constitutional right for an indigent to have counsel appointed in a civil action for damages. Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam).  Rather, "[i]n civil rights matters the court *may* pursuant to [28 U.S.C. § 1915(e)], 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a 'request.'"  Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982).

The trial court must exercise "'a reasoned and well-informed discretion'" in deciding whether to appoint counsel.  Sours v. Norris, 782 F.2d 106, 107 (8th Cir. 1986) (citation omitted).

The factors to consider in determining whether or not to appoint counsel have been articulated as follows:

> Foremost among the 'certain factors' that an appointing court must consider is an
> analysis of the merits of the indigent litigant's claims from both a factual and legal

4

standpoint. [It is] clear that a court need not appoint counsel when it considers
the indigent's chances of success to be extremely slim. In addition to the merits of
a case, a court may consider any of a number of factors. Among these factors are
the complexity of the legal issue presented and the capability of the litigant to
recognize and present the issues, the complexity and conflicting nature of the
facts, the ability of the litigant to investigate his case, and the relative substantive
value of the claims presented.

Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982) (citations omitted). See also Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992); Johnson v. Williams, 788 F.2d 1319 (8th Cir. 1986).

Some of the problems inherent in the appointment of counsel in pro se civil cases brought by indigent litigants were discussed by this court in Ferguson v. Fleck, 480 F. Supp. 219 (W.D. Mo. 1979), at page 222:

> The Eighth Circuit has ruled that members of the Federal Bar should expect such appointments, on an infrequent basis . . . . Recognizing the time-consuming burdens undertaken by attorneys prosecuting Federal civil litigation, and the problems which would be invited if all colorable claims of indigents were automatically referred to appointed counsel, a troublesome issue of selectivity is imposed on the courts. Care must be exercised to avoid altering the practice of infrequently asking lawyers to serve in civil matters, an assumption underlying the *Peterson* decision. Meritorious claims, however, would generally benefit from the assistance of counsel, but the court has few facilities permitting a forecast of substantial merit.

This court has followed a liberal policy of appointing counsel in civil actions brought by prisoners in nonfrivolous cases. Green v. Wyrick, 428 F. Supp. 732, 741 (W.D. Mo. 1976).

Although the court does have the inherent power to appoint counsel in limited circumstances, the United States Supreme Court has held that "[28 U.S.C.] § 1915(d) [now (e)] does not authorize the federal courts to make coercive appointments of counsel." Mallard v. United States Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 310 (1989).

The issues in plaintiffs' complaint are not complex and at this stage in the proceedings, the court does not deem it necessary to appoint counsel. Plaintiffs' claims are yet subject to challenge by dispositive motions. After the parties have had an opportunity to file the appropriate motions and the court has ruled on said motions, plaintiffs may again request appointment of counsel.

5

On May 29, 2007, plaintiffs filed a motion to compel discovery and on July 6, 2007, plaintiffs filed a motion for writ of habeas corpus ad testificandum. Plaintiffs' motions will be denied as premature.

On July 6, 2007, plaintiffs filed a motion for leave to amend the complaint. A party is permitted to amend his complaint once, as a matter of course, any time before a responsive pleading is served. Fed. R. Civ. P. 15. No responsive pleading has been filed in this case. Plaintiffs' amendment to their complaint is granted. Plaintiffs' amendment alleges that (1) the Phase System, as implemented by the Missouri Department of Corrections (MDOC) defendants for administration segregation violates their constitutional rights; (2) that MDOC defendants use excessive force in their enforcement of the MDOC Phase System, including such discipline as the restraint bench; and (3) that MDOC officials refuse to follow their own policies and procedures as to investigations, time allowed to prisoners for eating, etc.

Plaintiffs are granted leave to proceed on their supplemental claims regarding the Phase System and use of force/discipline in enforcing such system. Plaintiffs' claims, however, regarding MDOC officials' failure to follow their own procedures should be dismissed for failure to state a claim under 42 U.S.C. § 1983. There is no liberty interest in the use of certain procedures by the state, and thus, the protections of the Due Process Clause of the United States Constitution do not apply. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) ("Due Process Clause does not federalize state law procedural requirements.")).

On August 10, 2007, plaintiffs Riley, Fue, and Jackson and nonparties Don Stathem and Ryan Lewis filed a motion for a protective order that Nurse Jeffery Bolton no longer be allowed to treat them. They allege that on June 14, 2007, during the day shift, Nurse Bolton denied them medical care. These parties make no indication that they were in urgent need of medical care on that date or that they were denied medical care on more than this one occasion. These allegations do not warrant a protective order.

Ronmell Jenkins, John Goodrich, James Scott, Jeremy Banks, and Lewis McNeil have filed motions to be removed from this case.

6

IT IS, THEREFORE, ORDERED that the motions of Ronmell Jenkins, John Goodrich, James Scott, Jeremy Banks, and Lewis McNeil to be removed from this case are granted. [10, 13, 44, 46, 49]  It is further

ORDERED that plaintiffs' motion to amend their complaint is granted. [47]  It is further

ORDERED that plaintiffs' motions for writ of habeas corpus and to compel discovery are denied as premature. [48, 30]  It is further

ORDERED that plaintiffs' motion for appointment of counsel is denied, without prejudice. [3]  It is further

ORDERED that within twenty days, plaintiffs Antonio Howard, Bruce Cummings, Jemal Davis, Larry Jackson, David Skaggs, Rodney Clayton, Trevin Gamble, Markess Flenox, Aaron Hendonson and Charles Dorlay show cause why their claims should not be dismissed, pursuant to Fed. R. Civ. P.41(b), for failure to comply with court orders.  It is further

ORDERED that plaintiffs are granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915.  It is further

ORDERED that within thirty days, plaintiff make initial payments toward the $350.00 filing fee as follows:  Hugh Riley, $7.75; Curtis Stewart, $1.70; Tony Harris, $31.14, James Smith, $48.35; Michael Akins, $11.51; Lawrence Schuster, $1.98; Robert Cornelius, $5.70; Mario Fue, $1.50; Zederic Crawford, $32.93; Andre Bonds, $10.58; Chris Sims, $3.30; John Connor, $6.50; and Leon Daniel, $10.83.  It is further

ORDERED that within thirty days, the Attorney General of Missouri notify the court, in writing, for which defendants he will and will not waive service of process.  It is further

ORDERED that defendants answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived.  It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration.  It is further

RECOMMENDED that plaintiffs' claims challenging Missouri Department of Corrections defendants' alleged failure to follow their own procedures be dismissed for failure to state a claim under 42 U.S.C. § 1983.  It is further

7

RECOMMENDED that plaintiffs' motions for preliminary injunctive relief and for a protective order be denied. [4, 50]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 10th day of September, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge